532 P.2d 188

**STATE of Arizona, Appellee,**

v.

**Darlene Juhree McINTOSH, Appellant.**

**No. I CA–CR 747.**

Court of Appeals of Arizona,
Division 1,
Department B.
March 4, 1975.

Bruce E. Babbitt, Atty. Gen., by Frank T. Galati, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Presiding Judge.

Several issues have been presented to this court in this criminal appeal. However, we consider the following two to be dispositive: (1) Whether a statute providing for a trial by an 8-member jury for a crime committed at a time when 12-member juries were required is invalid as resulting in an *ex post facto* law, and (2) whether the admission of hearsay testimony was prejudicial.

The facts necessary to a determination of these issues are as follows: On September 4, 1972 two purses were stolen from an employee's locker. The appellant, a non-employee, was charged by an information on March 13, 1973 with the theft of a ring contained in one of the purses. On January 10, 1974 she was tried to an 8-member jury and found guilty of grand theft. She was placed on five years probation with one of the conditions of probation being that she pay $450 in restitution.

The evidence established that two purses —one white and one straw—were missing from the locker; the white purse contained a blue star sapphire ring. The appellant was not charged with the theft of either of the purses, but with the theft of the ring. The white purse, which allegedly contained this ring, was never found. However, testimony was presented that the appellant possessed a purse similar to the straw one. The appellant testified that she had been given the purse by a neighbor; this was substantiated by the testimony of her young daughter. In rebuttal, rather than presenting testimony by this neighbor, who could not be located, a detective was called to testify that he had asked the neighbor whether she had ever given the appellant any purses and over a timely objection he was permitted to respond that the neighbor denied ever giving the appellant a purse.

The theft with which the appellant was charged was committed on September 4, 1972. On December 1, 1972 the amendments to Article 2, § 23 of the Arizona Constitution, A.R.S., effectuated A.R.S. § 21–102 (Supp.1972) which authorized 8-member juries for crimes of this degree. By its terms, this 8-member jury provision was to govern all trials commencing after the effective date of January 1, 1973. Because the defendant had the right to 12 jurors on the date the offense was committed, she contends that A.R.S. § 21–102 is an *ex post facto* law as applied to her.

It is admitted by the State that the United States Supreme Court decision in Thompson v. Utah, 170 U.S. 343, 18 S.Ct. 620, 42 L.Ed. 1061 (1898) would require a holding by this court that insofar as appellant is concerned, A.R.S. § 21–102 allowing an 8-member jury would result in an invalid *ex post facto* law. In *Thompson,* the defendant was charged with a crime, tried and convicted by a 12-member jury while Utah was a territory. The conviction was reversed and a new trial granted. At the time of the second trial, Utah had become a state and its constitution allowed trial by an 8-member jury for crimes of the classification of which Thompson was charged. The *Thompson* court defined *ex post facto* statutes as belonging "to that class which by its necessary operation and 'in its relation to the offense, or its consequences, alters the situation of the accused *to his disadvantage'.*" 170 U.S. at 351, 18 S.Ct. at 623, 42 L.Ed. at 1067 (Emphasis added). The court further stated that

" . . . a statute that takes from the accused *a substantial right* given to him by the law in force at the time to which his guilt relates would be ex post facto in its nature and operation, and . . . legislation of that kind cannot be sustained simply because, in a general sense, it may be said to regulate procedure." 170 U.S. at 352, 18 S.Ct. at 623, 42 L.Ed. at 1067 (emphasis added).

From these definitions the *Thompson* court concluded:

"The court below substituted, as a basis of judgment and sentence to imprisonment in the penitentiary, the unanimous verdict of eight jurors in place of a unanimous verdict of twelve. It cannot, therefore, be said that the constitution of Utah, when applied to Thompson's case, did not deprive him of a *substantial right* involved in his liberty, and did not materially alter the situation to his *disadvantage*." 170 U.S. 343, 352, 18 S.Ct. 620, 623, 42 L.Ed. 1061, 1067 (emphasis added).

The *Thompson* court went on to hold that Utah's constitutional provision allowing eight jurors was an *ex post facto* law and reversed.

The State argues, however, that the result reached in *Thompson* has been overruled by the United States Supreme Court's decision in Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). In *Williams,* the court held that a 12-member panel was not a necessary ingredient of a jury trial so that an accused's 6th Amendment rights as applied to the states through the 14th Amendment were not violated by a trial before six jurors.

The appellant counters this argument by contending that while *Williams* overruled *Thompson* on the issue of whether a 12-member jury was a constitutionally protected right, it did not overrule Thompson on the *ex post facto* issue. Admittedly, *Williams* did not have before it the *ex post facto* aspects present in *Thompson* and therefore it could not explicitly overrule *Thompson* on this issue. However, in our opinion, the United States Supreme Court's reasoning in *Williams* implicitly did so. After discussing the significance of the mystical number twelve in the historical setting of a trial by jury, the role of the jury, and the purposes of the jury trial, the court concluded that the 12-member requirement was not an indispensable component of the Sixth Amendment as had been

believed in earlier days. In reaching this conclusion the court stated:

"What few experiments have occurred —usually in the civil area—indicate that there is no discernible difference between the results reached by the two different-sized juries. In short, neither currently available evidence nor theory suggests that the 12-man jury is necessarily more advantageous to the defendant than a jury composed of fewer members." 399 U.S. 78, 101–102, 90 S.Ct. 1893, 1906–1907, 26 L.Ed.2d 446, 460–461 (footnotes omitted).

And:

"We conclude . . . as we began: the fact that the jury at common law was composed of precisely 12 is an historical accident, unnecessary to effect the purposes of the jury system and wholly without significance 'except to mystics'." 399 U.S. at 102, 90 S.Ct. at 1907, 26 L.Ed.2d at 461.

If a law is classified as *ex post facto* if its effect results in a "disadvantage" to the accused or affects his "substantial rights," it can hardly be said that a requirement that does not result in a "more advantageous" situation to the accused, and which is "wholly without significance" or merely an "historical accident," is a substantial right.

■ We therefore hold under the authority of Williams v. Florida, *supra,* that the change effected by A.R.S. § 21–102 changing the number of jurors from 12 to 8 does not affect a substantial right of the appellant and therefore is not an *ex post facto* law.

■ Turning now to the hearsay problem, it is apparent that the appellant's defense in this matter was based upon the theory that she had obtained the straw purse from a neighbor who in essence was the true thief of the white purse and the sapphire ring it contained. In order to dispove this theory, the State, in rebuttal, was allowed to present hearsay testimony that the neighbor told a detective that she

never gave the purse found in the appellant's possession to her. This was clearly rank hearsay, and clearly prejudicial as it attacked the sole basis of appellant's defense if believed by the jury. Because of this prejudicial admission of hearsay, this matter must be reversed and remanded for a new trial. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The other issues raised by the appellant in this matter are rendered moot by our reversal and are therefore not discussed.

The matter is reversed and remanded for a new trial.

HAIRE, C. J., Division 1, and EUBANK, J., concur.