339 So.2d 978 (1976)
William Y. BRAME, Jr. and Mrs. Glemar Brame
v.
Bruce GARWOOD.
No. 48947.
Supreme Court of Mississippi.
November 16, 1976.
Rehearing Denied December 14, 1976.
Snow, Covington, Temple & Watts, E.L. Snow, Meridian, for appellants.
Singley, Minniece, Hamilton, Neville & Hamill, Lawrence W. Rabb, Paul M. Neville, Meridian, for appellee.
Before GILLESPIE, SUGG and BROOM, JJ.
BROOM, Justice, for the Court:
Reduction of a jury to eleven members occurred during trial of this cause in the Circuit Court of Lauderdale County. Garwood (appellee, tenant) was asserting his tort action against Mr. and Mrs. Brame (appellants, landlord) for personal injuries Garwood received in a fall on allegedly defective back steps of the apartment which he rented from the Brames. He received a jury verdict and judgment for $20,000 which we must reverse.
Details of Garwood's fall need not be set forth here. The jury found, as it had a right to do, that a part of the agreement whereby he would rent the apartment from the Brames was the condition and understanding between him and them that they would make specific repairs to the defective steps. According to the jury finding, failure of the Brames to make the specific repairs proximately caused Garwood's injuries.
Facts salient to our resolution of the case are the following. During the fourth day of the trial and after much testimony was presented, one of the regular twelve jurors was excused when she (Mrs. Jordan) disclosed that for personal reasons she could not further serve on the jury. Without any objection, the juror was excused and the thirteenth juror (an alternate) was placed in the jury box, which action is not in issue here. Subsequently, another juror, Mrs. Mayer, discovered that she was closely acquainted with the daughter of the Brames (appellants), and according to the bill of exceptions which is in the record and signed by the circuit judge, "would be embarrassed to render a verdict... ." In chambers the judge with counsel discussed the situation, whereupon counsel for Garwood moved that the court "excuse her (Mrs. Mayer) and use an eleven man jury." Counsel for the Brames objected and the court stated:
Well, counsel not agreeing to it, I will excuse her and let you continue with your case over the objection by counsel for the defendant; however, a nine man jury verdict is necessary. It looks like to me *979 the defendant couldn't complain but the plaintiff could; but what the Supreme Court of Mississippi may hold, I don't know. I don't know of a precedent.
Garwood says that any question related to the eleven member jury was waived and not properly preserved because the Brames (appellants) made only a general objection and did not move for a mistrial when the jury was reduced to eleven members. As to the matter of how to preserve such a proposition, Garwood cites United States Fidelity & Guaranty Company v. Smith, 249 Miss. 873, 164 So.2d 462 (1964), and Hyde v. O'Neal, 234 Miss. 112, 105 So.2d 553 (1958). Neither of these cases deals with similar facts or a question of constitutional proportions such as is before us here where under our well established case law litigants have a right to trial by a jury composed of twelve members. Also cited is Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). That case alludes to Christ and his twelve apostles and states that the jury at common law was composed of precisely twelve. Williams further states that the twelve member jury concept is a historical accident and without significance "except to mystics." We are not controlled by Williams here because it rested upon a statute which provided for a six member jury. While the better practice in this case might have led appellants to move for a mistrial, failure to so move did not waive the proposition upon the facts of this case where the objection to continue the trial with an eleven member jury was positively and unequivocally made.
Section 31 of the Mississippi Constitution of 1890 provides that: "The right of trial by jury shall remain inviolate... ." The fact that it further provides that nine or more jurors may render a verdict in civil cases does not mean that a litigant can be required to stand trial by a jury composed of fewer than twelve members. We are bound by our holding in Dement v. Summer, 175 Miss. 290, 165 So. 791 (1936). Speaking through Griffith, J., we said in Dement:
A trial by jury in a court of superior original jurisdiction is universally held to mean a jury of twelve qualified persons who shall decide the facts under the superintendence of a trial judge, who shall have the sole power to declare the law. (175 Miss. at 303-4; 165 So. at 793).[1]
Of course, as stated in 47 Am.Jur.2d Jury § 133 (1969), "the parties can waive, or estop themselves, from asserting, the right to be tried before fully twelve jurors" in civil cases, but no such waiver or estoppel is presented by the peculiar and novel record before us. The action of the trial court in ordering the trial to continue (over the Brames' objection) with eleven jurors exceeded his constitutional authority even though he may have felt compelled to take such action in order to salvage the trial that had already consumed several days at great expense. The exigencies of the situation, though unusual and weighty, do not constitute grounds sufficient to relieve trial courts of the requirement to accord litigants a full twelve member jury under our present constitution and statutory law. Accordingly, the case must be reversed and a new trial granted.
REVERSED AND REMANDED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and LEE, JJ., concur.
NOTES
[1] Miss. Code Ann. § 13-5-93 (1972) requires agreement by at least nine jurors who return a verdict in circuit court, but is silent as to numerical composition of juries in circuit or chancery court. Miss. Code Ann. § 9-9-33 (1972) requires that juries in county courts consist of twelve, and § 11-7-129 allows waiver of trial by jury.