COMMONWEALTH vs. A JUVENILE (No. 2).

Plymouth. May 7, 1981. — August 19, 1981.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Constitutional Law*, Jury. *Practice, Criminal*, Jury. *Evidence*, Juvenile delinquency, Impeachment of witness. *Witness*, Impeachment.

A juvenile defendant's right under G. L. c. 119, § 56, to a jury of twelve on his appeal to a jury session of a Juvenile Court from an adjudication of delinquency was a substantial right entitled to protection even in the absence of any demonstration of actual prejudice arising from the denial of that right, and, therefore, the violation of c. 119, § 56, required a new trial. [391-394]

On appeal to a jury session of a Juvenile Court from an adjudication that the defendant was delinquent, the judge did not err in refusing to permit the defendant to impeach the victim's credibility by reference to the victim's juvenile record where there were no special circumstances mandating admission of the record. [394-395]

COMPLAINT received and sworn to in the Fourth Plymouth Division of the District Court Department on April 7, 1980.

Upon appeal the case was tried before *Collari*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Joseph F. Killion* for the defendant.

*Rosemary Ford*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant juvenile was charged in a District Court complaint with delinquency by reason of committing, on January 10, 1980, assault and battery by means of a dangerous weapon, in violation of G. L. c. 265, § 15A. After an adjudication of delinquency by a judge of the District Court, the defendant appealed to a jury session

in the District Court under G. L. c. 119, § 56. Before em-
panelment of the jury, the defendant moved for a trial to a
jury of twelve persons. The judge denied the motion and,
on August 15, 1980, he was found delinquent by a jury of
six. On appeal, he challenges the denial of his motion for
trial to a twelve-person jury. He also argues that he was im-
properly denied the right to impeach the victim's credibility
by reference to the victim's juvenile record. We transferred
the appeal to this court on our own motion, and we now
reverse on the ground that the defendant was entitled to a
trial by a jury of twelve.

1. On appeal to a jury session of a Juvenile Court from an
adjudication of delinquency, a juvenile is entitled to a jury
of twelve "in those cases where trial would be only upon an
indictment were the child an adult." G. L. c. 119, § 56, as
amended through St. 1979, c. 344, § 1. The Common-
wealth grants that at the time of the alleged delinquency,
and at the time of the filing of the complaint, a juvenile was
entitled to claim a trial before a jury of twelve. The crime
charged is punishable by a State prison sentence of more
than five years (see G. L. c. 265, § 15A), and, when the
crime was committed and the complaint was filed, the
crime was not within the jurisdiction of the District Court
Department (see G. L. c. 218, § 26, as amended through
St. 1978, c. 478, § 187). If the juvenile had been an adult,
therefore, he could have been tried only on an indictment,
unless he waived indictment. See G. L. c. 263, § 4; Mass.
R. Crim. P. 3 (b), 378 Mass. 847 (1979).[1]

---

[1] The Commonwealth disclaims any reliance on the amendment of
G. L. c. 218, § 26, as appearing in St. 1980, c. 122, approved May 2,
1980, by which a violation of G. L. c. 265, § 15A, was placed within the
original jurisdiction of the District Courts. Trial of an adult charged with
a violation of G. L. c. 265, § 15A, committed after the effective date of
the 1980 amendment would not necessarily be on an indictment because a
District Court judge could receive and retain jurisdiction over the matter.
We think it is clear that a juvenile would not be entitled to a jury of
twelve were he charged with a violation of G. L. c. 265, § 15A, commit-
ted after the effective date of the 1980 amendment of G. L. c. 218, § 26.

If the Commonwealth had relied on the 1980 amendment, we would be
faced with the question whether application of an amendment enacted

Commonwealth *v.* A Juvenile (No. 2).

The Commonwealth argues that the defendant waived his right to a trial before a twelve-person jury. The record before us concerning the filing of the defendant's motion for a jury of twelve is sketchy. According to the parties' "agreed statement of facts," the defendant filed a motion on August 14, 1980, prior to empanelment of the jury, claiming trial before a jury of twelve pursuant to G. L. c. 119, § 56. The motion was denied, and the jury returned a verdict of delinquency on the next day.

We are unable to determine that the motion was not filed in a timely fashion. The judge had discretion to allow the motion to be filed at the time it was filed. See Mass. R. Crim. P. 13 (d) (2) (A), 378 Mass. 873 (1979). The action of the judge in hearing the motion imports a preliminary determination to allow the motion to be filed. We accept, therefore, that the defendant's motion was filed seasonably.

The Commonwealth next contends that, even if the defendant was deprived of his statutory right to a jury of twelve, that error did not prejudice him and, therefore, reversal of the adjudication of delinquency is not required. Ordinarily, statutory violations are not grounds for reversal unless the violation caused some harm. See *Commonwealth* v. *Hartford*, 346 Mass. 482, 488-489 (1963); *Commonwealth* v. *Pike*, 324 Mass. 335, 337-338 (1949). The

---

after the date of the offense would constitute an ex post facto law in violation of State and Federal Constitutions. See the Declaration of Rights of the Massachusetts Constitution, art. 24; United States Constitution, art. 1, § 10. There is a substantial, constitutional question whether the 1980 amendment of § 26 could be applied retrospectively in determining the right to a twelve-person jury under G. L. c. 119, § 56. Compare *Thompson* v. *Utah*, 170 U.S. 343, 351-352 (1898), and *McSears* v. *State*, 247 Ga. 48 (1981), with *State* v. *Maresca*, 173 Conn. 450, 451-454 (1977), and *State* v. *McIntosh*, 23 Ariz. App. 246, 248 (1975). See *Commonwealth* v. *Greenberg*, 339 Mass. 557, 578-579 (1959); *Commonwealth* v. *Bellino*, 320 Mass. 635, 641-642, cert. denied, 330 U.S. 832 (1947).

There would be the initial question, in any event, whether, as a matter of statutory construction "under the influence — if not the command" of ex post facto provisions, we would read the 1980 amendment as prospective only. See *Commonwealth* v. *Davis*, 380 Mass. 1, 15-16 (1980). Thus, we accept the Commonwealth's concession that the 1980 amendment is inapplicable in this case.

burden is on the defendant to show prejudice. *Commonwealth* v. *DeChristoforo*, 360 Mass. 531, 536 n.2 (1971). But, where actual prejudice is impossible to establish and where the right denied is substantial, we have reversed convictions without requiring a defendant to show actual prejudice. See *Commonwealth* v. *Tabor*, 376 Mass. 811, 819 & n.13 (1978); *Commonwealth* v. *Johnson*, 365 Mass. 534, 547 (1974), and cases cited. Cf. *Searle* v. *Roman Catholic Bishop*, 203 Mass. 493, 499-501 (1909). As to minor matters where prejudice could not be shown, the result has been different. See *Commonwealth* v. *Montecalvo*, 367 Mass. 46, 51 (1975) (interrogation of jurors not conducted under oath); *Commonwealth* v. *Guerro*, 357 Mass. 741, 755-756 (1970) (clerk rather than judge asked jurors the statutorily prescribed questions).

The question then is whether the statutory right to a twelve-person jury is sufficiently substantial so as to require protection of the right, even in the absence of any demonstrable prejudice to the defendant. Certainly, no defendant could prove that he was prejudiced by the reduction of the size of the jury, any more than the Commonwealth could prove that he was not. It may be true that the defendant did not have a constitutional right to a jury of twelve. See *Opinions of the Justices*, 360 Mass. 877, 881-885 (1971); *Williams* v. *Florida*, 399 U.S. 78, 86-103 (1970). But see *Opinions of the Justices*, *supra* at 886-887 (Quirico, J., dissenting), where Justice Quirico expressed the opinion that a reduction in the size of a jury below twelve was so substantial that it could be achieved only by a change in the Constitution of the Commonwealth. However, a jury of less than six persons would deprive a defendant of his right to a jury trial guaranteed to him by the Sixth and Fourteenth Amendments to the Constitution of the United States. *Ballew* v. *Georgia*, 435 U.S. 223 (1978). In other States, where the right to a trial by a jury of twelve is guaranteed by Constitutions, deprivation of that right has been held to constitute reversible error without a showing of prejudice. See *State* v. *Miguel*, 125 Ariz. 538, 540-541 (1980); *Brame* v.

*Garwood*, 339 So. 2d 978, 979 (Miss. 1976); *Hartgraves* v. *Don Cartage Co.*, 63 Ill. 2d 425, 427-428 (1976); *State* v. *James*, 30 Utah 2d 32, 36 (1973). Reversal has similarly been required where the right to a twelve-person jury is solely statutory. See *Bourne* v. *Atchinson, Topeka & Santa Fe Ry.*, 209 Kan. 511, 516-519 (1972); *State ex rel. Polk* v. *Johnson*, 47 Wis. 2d 207, 214 (1970).

The statutory right to a jury of twelve was a substantial right, and that right should have been protected, even in the absence of any demonstration of actual prejudice arising from the denial of that right. We conclude, therefore, that the violation of G. L. c. 119, § 56, requires the reversal of the defendant's conviction and a new trial.

2. Because the issue may arise again on retrial, we briefly dispose of the defendant's claim that the judge erred in not allowing the defendant to impeach the victim's credibility by reference to the victim's juvenile record. That record contained charges of delinquency by reason of breaking and entering and larceny of a motor vehicle. A judge, in that case, had continued the charges for disposition after finding sufficient facts to warrant a finding of delinquency. Those charges had no apparent relation to the crime for which this defendant was adjudicated delinquent. We shall assume, without deciding, that the judge's action was the equivalent of a finding of delinquency.

General Laws c. 119, § 60, generally bars the use of a juvenile's record in a court proceeding in which the juvenile is a witness. See *Commonwealth* v. *Ferrara*, 368 Mass. 182, 185-186 (1975). We have indicated that the provisions of § 60 must yield to countervailing constitutional considerations, such as where the records would be relevant to the issue of bias resulting from the witness's susceptibility to government pressure. *Id.* See *Commonwealth* v. *Santos*, 376 Mass. 920, 925-926 (1978) (use of juvenile records sealed pursuant to G. L. c. 276, § 100B). In another context, where the right to a full defense would otherwise be denied, we have made an exception to the general rule that evidence of prior bad acts may not be used to impeach a witness's

credibility.   See *Commonwealth* v. *Bohannon,* 376 Mass. 90, 93-95 (1978) (evidence that victim had made prior false allegations of crime charged to the defendant).

In this case, the defendant asserts that because the case against him rested on the credibility of the juvenile victim's testimony, the defendant should have been allowed to attack that credibility through use of the victim's juvenile record.   We have already rejected such a general contention. *Commonwealth* v. *Santos, supra* at 923-924.   On the sparse record before us, we discern no special circumstances that would mandate admissibility of the record.

3.   The adjudication of delinquency from which the juvenile defendant has appealed is reversed and the case is remanded for a new trial to a jury of twelve persons consistent with this opinion.

*So ordered.*