COMMONWEALTH vs. DONALD P. SAARELA.

Plymouth. October 12, 1982. — March 4, 1983.

Present: GRANT, ROSE, & SMITH, JJ.

*Practice, Criminal,* New trial, Hearing.

The judge in a criminal case erred in allowing a motion for a new trial
   without holding an evidentiary hearing, where the defendant had sub-
   mitted in support of the motion an affidavit that in substance chal-
   lenged the ballistics evidence introduced by the Commonwealth at the
   trial, but that contained no information respecting the qualifications
   of the expert making the affidavit, and where the Commonwealth had
   countered with two affidavits challenging the conclusions of the de-
   fendant's expert. [406-407]

INDICTMENT found and returned in the Superior Court on
April 29, 1976.

A motion for a new trial, filed on August 3, 1981, was
heard by *Chmielinski,* J.

*John P. Corbett,* Assistant District Attorney (*Robert Sin-
sheimer,* Assistant District Attorney, with him) for the
Commonwealth.

*George G. Burke* for the defendant.

SMITH, J. By this appeal filed pursuant to Mass.R.Crim.
P. 30(c)(8), 378 Mass. 902 (1979), the Commonwealth con-
tends that a Superior Court judge erred in granting the de-
fendant's motion for a new trial without first holding an evi-
dentiary hearing.[1] We agree, reverse the order granting the

---

[1] The Commonwealth also raises as an issue that the judge abused his
discretion in granting a new trial because the evidence was not "newly
discovered." At no time did the judge address this contention. We can-
not decide the matter as the transcripts of the trial were not made part of
this record. At the hearing on remand, the judge must decide, among
other things, whether the evidence is newly discovered.

defendant's motion for a new trial, and remand the case to the Superior Court for an evidentiary hearing.

The defendant was convicted of second degree murder and sentenced to life imprisonment on April 30, 1977. On May 6, 1977, he filed a motion for a new trial based upon the assertion that the trial judge erred in admitting evidence of prior consistent statements of the sole identifying witness. The judge denied the motion, and the conviction was affirmed. *Commonwealth* v. *Saarela,* 376 Mass. 720 (1978). Represented by new counsel, the defendant filed on May 14, 1981, a motion to permit his expert to perform a new ballistics test on bullets, a cartridge casing, and a rifle that were introduced as exhibits at the trial.[2] The motion was allowed and the tests performed.

On August 3, 1981, the defendant filed a motion for a new trial. Contrary to the requirements of Mass.R.Crim.P. 30(c)(2), 378 Mass. 901 (1979), the motion did not specify any ground for the relief requested. Accompanying the motion was an affidavit signed by one George Fassnacht. In the affidavit, Fassnacht stated, "Microscopic comparative examination of evidence bullet specimens with test bullet specimens showed that while the general rifling characteristics were similar, sufficient individual matching striae necessary for a conclusive comparison were not present." Fassnacht then stated that it was his opinion, based on ballistics tests he had performed, that "there is no evidence to show that the evidence bullet specimens were fired from this particular rifle to the exclusion of all others similarly rifled." The affidavit was submitted on the letterhead of "Keystone State Arms Consultants Forensic Firearms Laboratory[,] . . . Philadelphia, Pa." There was nothing in the affidavit that described Fassnacht's position with that company or his qualifications as a ballistic expert.

---

[2] In *Commonwealth* v. *Saarela,* 376 Mass. at 721 n.1, the court noted, "The evidence disclosed that the victim had been shot three times. A rifle which the defendant had used for hunting on the day of the crime was linked by ballistics evidence to a cartridge casing found near the victim's body."

The Commonwealth filed two counter affidavits. Mass. R.Crim.P. 30(c)(3), 378 Mass. 901 (1979). In one affidavit, the affiant, an assistant district attorney, stated that he had spoken to two members of the Boston police department ballistics unit and one member of the firearms identification section of the Massachusetts State police, all of whom had examined the evidence and were prepared to testify that in their opinion the cartridge casing had been discharged and the bullets fired from the defendant's rifle.[3]

The second affidavit submitted by the Commonwealth was the affidavit of a ballistics expert who had testified for the Commonwealth at the original trial. He reiterated his opinion given at the trial to the effect that the bullets taken from the victim's body were fired from the defendant's rifle. In addition, he stated that he had observed Fassnacht perform tests with the rifle and that in his opinion those tests were conducted in an incorrect manner, causing erroneous results.

The motion was heard by the same judge who had presided at the trial. At the outset, the judge stated that he was not acquainted with Fassnacht or familiar with his background and invited comments from defense counsel in regard to those matters. Defense counsel responded that Fassnacht owned "Keystone State Arms Consultants" and "is an expert in ballistics and is recognized as an expert. He has testified throughout the country, literally hundreds of times, your Honor. He is well qualified in this area." In response, the Commonwealth stated that "there are serious questions of Mr. Fassnacht's competency, raised by the type of examination he conducted in this particular case." The Commonwealth further indicated that it had witnesses who were available to testify at the hearing. Defense counsel also stated that Fassnacht would arrive shortly and be avail-

---

[3] In the affidavit the affiant stated that he was prepared to offer at the hearing on the motion photographs comparing individual matching markings on the cartridge casing with those on test cartridges, and a video cassette tape of a microscopic examination of the bullets, cartridge casing, and rifle.

able to testify if there were any questions about his qualifications as an expert.

After listening to arguments of counsel in regard to the merits of the motion, the judge announced, from the bench, that the motion was allowed. The Commonwealth objected to the failure of the judge to hold an evidentiary hearing, and this appeal ensued.

1. *The lack of an evidentiary hearing.* The sole issue before us is whether the judge committed error in not holding an evidentiary hearing. The question raised is unique, as the prior cases have been concerned with the correctness of a judge's decision in *denying* a defendant's motion for new trial without holding an evidentiary hearing. See *Commonwealth* v. *Stewart*, 383 Mass. 253, 254 (1981) ("At issue is whether the defendant's motion raised a substantial issue requiring an evidentiary hearing").

In regard to a motion for new trial, it has been stated that "[t]he judge may decide the motion on the basis of affidavits without further hearing, 'if no substantial issue is raised by the motion *or* affidavits'" (emphasis added). *Id.* at 257. Mass.R.Crim.P. 30(c)(3), 378 Mass. 901 (1979). The decision whether to decide the motion "on the basis of affidavits or to hear oral testimony[ ] is left largely to the sound discretion of the judge." *Commonwealth* v. *Stewart, supra* at 257.

Here, the defendant submitted an affidavit, purportedly from an expert, that in substance challenged the ballistics evidence introduced by the Commonwealth at the trial. The Commonwealth countered with two affidavits, one of which was from the Commonwealth's expert who had testified at the trial. Because the motion judge presided at the trial, he was familiar with the qualifications and background of the Commonwealth's expert, in contrast to his admitted lack of familiarity with the qualifications of the defendant's expert.[4] In addition, the Commonwealth's expert

---

[4] As noted, at the outset of the hearing on the motion the judge stated to defense counsel that he was not acquainted with Fassnacht or familiar with his background. After rendering the decision, from the bench,

had, by affidavit, directly challenged the methods by which Fassnacht had reached his conclusions. Where, as here, "a substantial issue is raised and is supported by a substantial evidentiary showing, the judge should hold an evidentiary hearing." *Commonwealth* v. *Stewart, id.* at 260. We therefore remand the case to the Superior Court for an evidentiary hearing in regard to the challenged ballistics evidence. In addition, the defendant must show that the evidence was "newly discovered." *Commonwealth* v. *Cefalo,* 380 Mass. 319, 339 (1980). See note 1, *supra.*

2. *Other matters.* There are several other deficiencies in the present motion for a new trial that must be corrected before the motion properly may be heard on remand to the Superior Court. The defendant must resubmit his motion for a new trial in accordance with the terms of Mass.R. Crim.P. 30(b) and (c), 378 Mass. 900 (1979). He must specify the ground or grounds for the relief that he presents. He must accompany the motion with an affidavit or affidavits in support of his position.[5] In addition, he must give copies of the motion and affidavits to the Commonwealth in order to assure that the Commonwealth will have an adequate opportunity to oppose the defendant's motion. *Ibid.*

The order granting the defendant's motion for a new trial is reversed, and the original judgment of conviction is rein-

---

allowing the motion, the judge, some days later, filed a memorandum in regard to his decision. In the memorandum, the judge made a finding that Fassnacht was an expert. We are at a loss, on the basis of the record before us, to ascertain the source of the evidence upon which the judge premised this finding. Certainly, he could not rely on the unsupported statements of counsel made during the course of argument, especially where the qualifications of the defendant's expert witness were challenged.

[5] We note, for instance, that, during the course of his argument to the judge on the motion, defense counsel stated that he had developed information that the victim's blood had coagulated by the time the police arrived at the scene. The judge, in his memorandum, adopted defense counsel's statement as a finding of fact. No affidavit was submitted by defense counsel in regard to this ground. If defense counsel desires to offer evidence on this ground at the hearing, he must submit an affidavit to support his contention. *Commonwealth* v. *DeMarco,* 387 Mass. 481, 485 n.10 (1982).

stated. The defendant is to submit a new motion for a new trial and an evidentiary hearing is to be held on the challenged ballistics evidence and any other grounds as to which a substantial issue is raised by the affidavits.

*So ordered.*