COMMONWEALTH *vs.* THOMAS F. SICILIANO. December 11, 1984. *Practice, Criminal,* New trial, Assistance of counsel, Findings by judge. *Waiver.*

Following a jury trial in the Superior Court, Siciliano was convicted of two counts of rape of the same victim. The trial judge denied his motion for a new trial and likewise denied his motion for reconsideration of the new trial motion. Siciliano appeals from these orders on several grounds. (1) He claims error in the judge's failure to conduct an evidentiary hearing on affidavits allegedly containing newly discovered evidence. (2) He claims that a new trial is mandatory because (a) he was deprived of the effective assistance of counsel at trial and (b) although he wished to testify at trial, his lawyer prevented him from doing so.

(1) Massachusetts Rule of Criminal Procedure 30(c)(3), 378 Mass. 901 (1979), permits judges to "rule on the issue or issues presented by such [a] motion [for a new trial] on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits." Siciliano has no right to insist that oral evidence be heard upon his motion, *Commonwealth v. Coggins*, 324 Mass. 552, 556-557, cert. denied, 338 U.S. 881 (1949), unless he has raised a substantial issue. In order to determine the substantiality of an issue "we look not only to the seriousness of the issue asserted, but also to the adequacy of the defendant's showing on the issue raised." *Commonwealth v. Stewart*, 383 Mass. 253, 257-258 (1981).

---

The affidavits purporting to present newly discovered evidence consist of: the opinions of investigators that it was physically impossible for the rape to have taken place as the victim described it; the sworn statement of an individual who claimed that the victim had telephoned Siciliano on the night of the rapes, not vice versa as the victim had testified; and the statement of another investigator who claimed that the defendant could not have been drinking, as the victim testified, because he was taking a drug that made ingestion of alcohol impossible.

In this case the trial judge found that there was no "newly discovered evidence of such material and vital significance as would allow the motion for a new trial." "A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial judge. . . . [He] is entitled to make use of his knowledge of what occurred at trial." *Commonwealth* v. *Little*, 384 Mass. 262, 268-269 (1981). The trial judge "is in far better position to determine the genuine merits of this newly discovered evidence than are the justices of this court who must depend upon the printed page." *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 32 (1923). The trial judge's decision to deny a motion for a new trial based on newly discovered evidence "will not — assuming no error of law in the application of an improper standard — be reversed 'unless a survey of the whole case shows that his decision, unless reversed, will result in manifest injustice.'" *Commonwealth* v. *Markham*, 10 Mass. App. Ct. 651, 651 (1980), quoting from *Sharpe, petitioner*, 322 Mass. 441, 445 (1948). None of this evidence was shown to have been unavailable at the time of trial. All of it was offered for impeachment purposes. All of it was cumulative. "Newly discovered evidence that tends merely to impeach the credibility of a witness will not ordinarily be the basis of a new trial. . . . In addition, the defendant has not shown that the affiants were unavailable at the time of trial, or that the evidence could not have been procured by due diligence." *Commonwealth* v. *Toney*, 385 Mass. 575, 581 (1982). See *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 495-496 (1920). We detect neither abuse of discretion nor manifest injustice here.

(2) Siciliano argues that his attorney's behavior fell "measurably below that which might be expected from an ordinary fallible lawyer [and] . . . deprived [him] of an otherwise available, substantial ground of defense." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). The defendant asserts that counsel failed to investigate and bring forward relevant impeachment evidence, failed to move for dismissal because the case had been continued for too long and argued inconsistently that defendant did not have sexual intercourse with the victim but, if he did, the victim consented to the act.

The trial judge found that Siciliano's representation at trial had been adequate. Our review of the record shows a substantial basis for this finding. Counsel endeavored to establish that the victim had a motive to lie about the rape. He called witnesses to impeach her credibility. His cross-examination of the Commonwealth's witnesses highlighted weaknesses in their testimony.

Counsel did not put forward evidence of a prior relationship between the defendant and the victim to show consent, but rather to establish the victim's motive to lie. "In each instance, the claimed fault related either to trial tactics or the alternative choices that ordinarily face any trial lawyer. . . . Counsel could sensibly conclude that putting [all available defense witnesses] on the stand would do more harm than good." *Commonwealth* v. *Little*, 376 Mass. 233, 241-242 (1978). We believe there was no abuse of discretion in denying the motion for a new trial on the basis of ineffective assistance of counsel.

(3) Siciliano's contention that he wished to testify but that his lawyer prevented him from doing so raises a substantial constitutional issue. The right to testify in one's own behalf is fundamental. *Harris* v. *New York*, 401 U.S. 222, 225 (1972). Unless the defendant waived this right, *Schneckloth* v. *Bustamonte*, 412 U.S. 218, 235 (1973), "the original trial was infected with prejudicial constitutional error [and] the judge has no discretion to deny a new trial." *Earl* v. *Commonwealth*, 356 Mass. 181, 184 (1969). In denying the motion for a new trial, the trial judge made no explicit finding on this issue. Instead, he found that "[b]ased upon each and all of those affidavits, based upon the arguments of counsel at both hearings with regard to this motion, I do not find that the grounds stated in the motion are sustained." The right to testify issue was raised both by the affidavits and oral argument. Plainly, the trial judge did not believe Siciliano's allegation that his counsel forced him not to take the stand.[1] This belief is also supported by the record prior to the motion for a new trial. Before trial, the defendant's lawyer moved pursuant to *Commonwealth* v. *Chase*, 372 Mass. 736, 750-751 (1977), to bar the prosecution from using Siciliano's criminal record for impeachment at trial. This motion was denied. The filing of a *Chase* motion is consistent with Siciliano's making an intelligent decision not to testify because of the potentially detrimental effect of his extensive criminal record. Siciliano made no protest at trial calculated to express his desire to testify. Indeed, when the defense rested, Siciliano vanished. A warrant was required to return him to the court in which he claims he desired to testify.

The defendant calls our attention to a recent Colorado opinion, *People* v. *Curtis*, 681 P.2d 504 (1984). *Curtis* held that "the existence of effective waiver [of the right to testify] should be ascertained by the trial

---

[1] While it would have been preferable for the trial judge to make an explicit finding on this issue, the failure to make such a finding pursuant to Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979), is not per se reversible error. Rule 30(b) states that the judge "shall make such findings of fact as are necessary to resolve the defendant's allegations of error of law." Findings of fact may be unnecessary where the motion for a new trial is based on matters contained in the transcript of the original trial. In this case the judge's conclusion is supported by the record as a whole. See *Commonwealth* v. *Tirrell*, 382 Mass. 502, 510 n.10 (1981); *Commonwealth* v. *Lanoue*, 392 Mass. 583, 586 n.2 (1984); *Commonwealth* v. *Preston*, 393 Mass. 318, 322 n.4 (1984).

court on the record." *Id.* at 515. There is no voir dire on the record in this case. Massachusetts does not require such a voir dire. While we agree that "establishing waiver of such a right in court on the record helps assure that the waiver is effective and facilitates meaningful appellate review" *id.* at 511-512, we think that on this record it is reasonable to infer a voluntary, knowing and intelligent waiver. We therefore affirm the Superior Court's denial of Siciliano's motion for a new trial and denial of his motion for reconsideration thereof.

*So ordered.*

*Harvey R. Peters* for the defendant.
*Paul J. McCallum*, Assistant District Attorney, for the Commonwealth.