COMMONWEALTH vs. DARNELL FREEMAN.

No. 89-P-1322.

Hampden. September 10, 1990. - December 20, 1990.

Present: WARNER, C.J., SMITH, & PORADA, JJ.

*Practice, Criminal*, New trial, Assistance of counsel, Impeachment by prior conviction, Defendant's decision not to testify. *Evidence*, Prior conviction, Other offense. *Constitutional Law*, Waiver of constitutional rights. *Waiver. Witness*, Impeachment. *Error*, Harmless.

This court concluded that, if a criminal defendant would have testified at his trial but for his attorney's erroneous advice as to the admissibility of his prior record, then his purported waiver of the constitutional right to testify would have been invalid; the case was remanded for the trial judge to make findings on the credibility of the defendant's claims. [638-641]

To prevail on his motion for a new trial, based on the claim that he had not validly waived the constitutional right to testify at trial, a criminal defendant was to prove, by a preponderance of the evidence, that, but for his attorney's erroneous advice concerning the admissibility of his prior record, he would have testified in his defense. [641-642]

In the circumstances of a criminal trial, invalidity of the defendant's waiver of the constitutional right to testify on his own behalf would not have been harmless beyond a reasonable doubt. [642-643]

This court did not consider separately a criminal defendant's claim of ineffective assistance of counsel, where decision of the issue giving rise to that claim was dispositive. [643-644]

INDICTMENTS found and returned in the Superior Court Department on July 15, 1987.

The cases were tried before *Hiller B. Zobel*, J., and a motion for a new trial was considered by him.

*Malcolm B. E. Smith* for the defendant.

*Elizabeth Dunphy Farris*, Assistant District Attorney, for the Commonwealth.

WARNER, C.J. A Hampden County grand jury returned separate indictments charging the defendant with five aggra-

vated rapes, one assault and battery by means of a dangerous weapon, and three incidents of assault and battery, all with respect to the same victim. After a jury trial in the Superior Court at which he did not testify, the defendant was found guilty of two aggravated rapes, three rapes as lesser included offenses, assault and battery by means of a dangerous weapon and two of the assault and battery charges.[1] He was acquitted on the remaining assault and battery indictment. The defendant moved for a new trial and requested an evidentiary hearing on the grounds that he had been deprived of his right to testify and that his trial counsel had been ineffective. He appeals from the denial of the motion without a hearing.[2]

*Background*

At approximately 11:00 P.M. on June 28, 1987, the victim and three friends arrived at Rumors Lounge in Springfield. During the evening she encountered Alexander Hall. They danced, then went out to the parking lot where they spent some time in a car belonging to Jeanine Shepard, a friend of the victim. Eventually they joined the defendant, Darnell Freeman, who had accompanied Hall to Rumors. All three got into another car and drove off. During the ensuing hours, the victim was brutally beaten, raped repeatedly, and left naked and bleeding in a wooded area of Forest Park in Springfield.

---

[1]The assault and battery indictments were placed on file with the defendant's consent. "Ordinarily, we do not consider appeals from indictments placed on file, *Commonwealth* v. *Delgado*, 367 Mass. 432, 438 (1975), but in the interest of efficiency and in a suitable case we may choose to do so. See *Commonwealth* v. *Bianco*, 388 Mass. 358, 364-365 (1983)." *Commonwealth* v. *Chappee*, 397 Mass. 508, 523 (1986). In this case, it is appropriate to consider the filed indictments because the defendant's claim that constitutional error affected the fairness of his trial applies to all the indictments. See *Commonwealth* v. *Doe*, 8 Mass. App. Ct. 297, 298 n.1 (1979), and cases cited.

[2]It appears from the judge's memorandum and order on the motion that the parties submitted the matter on the defendant's memorandum and affidavits and the Commonwealth's opposition. See Mass.R.Crim.P. 30(c)(3), 378 Mass. 901 (1979); *Commonwealth* v. *Saarela*, 15 Mass. App. Ct. 403, 406-407 (1983).

The victim identified both the defendant and Hall as her assailants from a photographic array. Hall was indicted and pleaded guilty to one charge of rape. At the time of trial, he had not been sentenced.[3]

*Trial Testimony*

The victim and Hall both testified for the Commonwealth. They depicted the defendant as the primary aggressor who orchestrated the attack, beat the victim, and committed multiple sexual assaults. Hall admitted to a single instance of forced vaginal intercourse with the victim but depicted himself as a reluctant participant who tried to convince the defendant to release the victim throughout the attack.

While Hall's and the victim's testimony coincided in many respects, there were significant differences. The victim testified that, while she and Hall were in Jeanine Shepard's car, they both drank rum and Hall smoked a marihuana cigarette. Hall maintained that he did not drink during that time. Hall further stated that the victim sat in the front seat of Shepard's car with her legs across his lap and that he kissed her on the mouth. The victim, however, maintained that she and Hall did not kiss and that their bodies never touched while they were in Shepard's car. Additionally, Hall claimed that after the defendant punched the victim in the face with his fist, causing her nose to bleed heavily, Hall attempted to stanch the bleeding. The victim, however, had no recollection of Hall thus coming to her aid.

The defendant did not present a case. He had given the police a written statement which was read to the jury as part of the Commonwealth's case. His version of the night's events was essentially contradictory of Hall's and the victim's. Hall was the aggressor, and the defendant went along reluctantly. The defendant admitted to a single instance of forced vaginal intercourse with the victim at Hall's urging. At a later time, in order to assuage Hall, the defendant feigned intercourse with the victim.

---

[3]Additional indictments arising from the events were pending against Hall at the time of trial.

*The Motion for a New Trial*

The defendant predicated his motion for a new trial and request for an evidentiary hearing on the claim that his trial counsel had erroneously advised him that, if he were to testify, his entire criminal record, including juvenile sex offenses, would be admissible at trial. For this reason, the defendant stated in his supporting affidavit, he did not testify in his own defense, despite his wish to tell his story to the jury. The defendant's trial counsel, Mr. Edelmiro Martinez, Jr., submitted an affidavit stating that the defendant wanted to testify on his own behalf but that he was dissuaded from doing so by Martinez's advice. Martinez counselled the defendant that it would be a "big mistake" for him to testify "in view of the statement he gave and signed to the police, and because the prosecution would be able to get before the jury his whole record, including the juvenile sex charges."

The trial judge denied the motion without making specific findings concerning the credibility of the defendant's claims.[4]

1. *The admissibility of the defendant's record for impeachment purposes.* The defendant had been adjudicated delinquent on a charge of indecent assault and battery on a person under fourteen. The record of this adjudication would

---

[4]The judge gave the following reasons for the denial: (1) The Commonwealth proved such an "overwhelming case" that the defendant's testimony could not have raised a reasonable doubt; (2) the decision not to testify was a reasonable tactical decision; and (3) in view of the defendant's admission that he had had intercourse with the victim after Hall had struck and raped her, it was "morally certain" that a jury could not doubt the defendant's participation in Hall's attack or the defendant's separate guilt.

The judge appears to have used a harmless error standard. See *Chapman* v. *California*, 386 U.S. 18, 20-24 (1967). Although he did not explicitly state that a violation of the defendant's right to testify would have been harmless error, he concluded that, no matter what the defendant's testimony might have been, the jury would not have entertained a reasonable doubt as to his guilt.

The third reason given for the denial suggests that, had the jury believed the defendant's version of the night's events, they could nevertheless have convicted him of the rapes and assaults as a joint venturer. However, the jury were instructed that, except for the rape Hall admitted to perpetrating, the defendant could be convicted of the rapes and assaults charged only if he was found to have personally committed the acts.

not have been admissible to impeach him. See G. L. c. 119, § 60. (Such an adjudication "shall not be lawful or proper evidence against such child for any purpose in any proceeding in any court . . . ."); *Commonwealth* v. *A Juvenile (No. 2)*, 384 Mass. 390, 394 (1981) (a juvenile's record is generally barred in a court proceeding in which the juvenile is a witness in the absence of "countervailing constitutional considerations"). Accord *Commonwealth* v. *Ferrara*, 368 Mass. 182, 185-186 (1975); *Commonwealth* v. *Bembury*, 406 Mass. 552, 556-561 (1990). Two charges which did not result in convictions were similarly inadmissible.[5] See *Commonwealth* v. *Bishop*, 296 Mass. 459, 461-462 (1937); *Commonwealth* v. *Nassar*, 351 Mass. 37, 44-45 (1966); *Commonwealth* v. *Blaney*, 387 Mass. 628, 637 (1982). The defendant's prior adult convictions would have been admissible for impeachment under G. L. c. 233, § 21, if the trial judge properly determined that their probative value outweighed the danger of unfair prejudice. *Commonwealth* v. *Reid*, 400 Mass. 534, 536-541 (1987).[6] The defendant's counsel did not move in limine or otherwise to bar the prosecutor from using the prior convictions for impeachment purposes. See *Commonwealth* v. *Chase*, 372 Mass. 736, 750-751 (1977).

2. *The defendant's right to testify on his own behalf.* A criminal defendant has a fundamental right to testify on his own behalf. *Rock* v. *Arkansas*, 483 U.S. 44, 49-53 (1987). *Commonwealth* v. *Siciliano*, 19 Mass. App. Ct. 918, 920 (1984). *Commonwealth* v. *Hennessey*, 23 Mass. App. Ct. 384, 386 (1987). That right arises from several provisions of the United States Constitution. It is embodied in the due process clause of the Fourteenth Amendment, the compulsory process clause of the Sixth Amendment giving a defendant the right to call witnesses in his favor, and the Fifth

---

[5] A charge of rape and child abuse was filed on a not guilty plea in 1983; a charge of inducing a minor to prostitution was dismissed in 1985.

[6] The defendant had been convicted of assault with a dangerous weapon (gun) (1983), armed robbery (1983), and contributing to the delinquency of a minor (1985).

Amendment's guarantee against compelled self-incrimination. *Rock* v. *Arkansas, supra.*[7]

A right fundamental to a fair trial must be waived knowingly and intelligently. *Schneckloth* v. *Bustamonte,* 412 U.S. 218, 235-246 (1973). The waiver of a constitutional right "must be an intelligent act 'done with sufficient awareness of the relevant circumstances and likely consequences.'" *McMann* v. *Richardson,* 397 U.S. 759, 766 (1970), quoting from *Brady* v. *United States,* 397 U.S. 742, 748 (1970). "A strict standard of waiver has been applied to those rights guaranteed to a criminal defendant to insure that he will be accorded the greatest possible opportunity to utilize every facet of the constitutional model of a fair criminal trial. Any trial conducted in derogation of that model leaves open the possibility that the trial reached an unfair result precisely because all the protections specified in the Constitution were not provided." *Schneckloth* v. *Bustamonte, supra* at 241. See *Commonwealth* v. *Waters,* 399 Mass. 708, 716 (1987). The decision whether to testify is to be made personally by the defendant in consultation with his counsel. *Commonwealth* v. *Waters, supra. Commonwealth* v. *Hennessey, supra,* citing *Wainwright* v. *Sykes,* 433 U.S. 72, 93 n.1 (1977) (Burger, C.J., concurring); ABA Standards for Criminal Justice § 4.5.2(a) (2d ed. 1982).

If it was established that, as the defendant asserts in his affidavit, he would have testified in his own defense but for his counsel's erroneous advice concerning the admissibility of his prior record, we would conclude that his waiver was invalid. The necessary factual determination cannot be made on the present record, however. Questions of credibility remain to be resolved by the motion judge. *Commonwealth* v. *DeMinico,* 408 Mass. 230, 244 (1990). An evidentiary hearing appears to be necessary. See Mass.R.Crim.P. 30(c)(3),

---

[7]Citing art. 12 of the Declaration of Rights of the Massachusetts Constitution, the defendant asserts that an independent State right exists granting a criminal defendant the right to testify in his own behalf. The bare contention does not rise to the level of appellate argument. In any event, his argument rests on Federal constitutional principles.

378 Mass. 901 (1979); *Commonwealth* v. *Saarela*, 15 Mass. App. Ct. 403, 406-407 (1983). Cf. *Commonwealth* v. *Rosado*, 408 Mass. 561, 568 (1990).

3. *The burden of proof.* The defendant urges that, in determining whether he knowingly and intelligently waived his right to testify, the burden of proof should be placed on the Commonwealth. A defendant's right to decide whether to testify on his own behalf is best protected if made without the government's direct involvement. Because of the delicate balance between a defendant's right to testify on his own behalf and his equally fundamental right not to testify, a trial judge should not be required to conduct a voir dire to determine whether a defendant has knowingly relinquished his right to testify. Such a colloquy might give the defendant the impression that he was being urged by the judge to testify and to waive his right not to testify. See *Commonwealth* v. *Waters*, *supra* at 716-717; *Commonwealth* v. *Hennessey*, *supra* at 388-390.[8] Here, the decision not to testify was made by the defendant in consultation with his counsel. The Commonwealth was not a party to the defendant's decision-making process. The defendant, not the Commonwealth, has control over the relevant facts. He is, thus, better situated to prove his claim than is the Commonwealth to disprove it. See LaFave and Israel, Criminal Procedure § 10.3 (1984).

This is not a case of claimed deprivation of a constitutional trial right through government coercion. Contrast, e.g., *Commonwealth* v. *Foster*, 368 Mass. 100 (1975), interpreting *Boykin* v. *Alabama*, 395 U.S. 238, 242-244 (1969) (the government has the burden of showing, on the record, that a defendant has made a voluntary and intelligent guilty plea to determine, inter alia, "whether it is not being extracted from the defendant under undue pressure"). Here, the defendant,

---

[8]In dictum, the Supreme Judicial Court, citing *Commonwealth* v. *Siciliano, supra* at 921, has stated that "[i]t may be the better practice for a judge to inform a defendant *before trial* of the right to testify and the right not to testify; that the decision, although made in consultation with counsel, is ultimately the defendant's own; and that the court will protect the defendant's decision" (emphasis supplied). *Commonwealth* v. *Waters, supra* at 717 n.3.

who is asserting "facts which were neither agreed upon nor apparent on the face of the [trial] record," must prove those facts. *Commonwealth* v. *Bertrand,* 385 Mass. 356, 364 (1982), quoting from *Commonwealth* v. *Bernier,* 359 Mass. 13, 15 (1971). See *Commonwealth* v. *Hubbard,* 371 Mass. 160, 168 (1976) (the defendant, having pleaded guilty on a facially sufficient contemporaneous record, later claimed that at the time of his plea he had amnesia and therefore had not been competent to make the plea; the defendant had the burden of proving the facts he alleged). In order to succeed in his claim, the defendant must prove, by a preponderance of the evidence, that, but for his counsel's erroneous advice concerning the admissibility of his probation record, he would have testified in his own defense. See *Commonwealth* v. *Jordan,* 207 Mass. 259, 275 (1911), aff'd, 225 U.S. 167 (1912) (the defendant, who moved for a new trial based on the allegation that a juror had been insane during his trial, had the burden of proving his claim by a preponderance of the evidence). Cf. *Commonwealth* v. *Clifford,* 374 Mass. 293, 303 (1978) (the defendant must show "by a preponderance of the evidence" that procedures used in a lineup were impermissibly suggestive). See LaFave, Search and Seizure § 11.2(c)(2d ed. 1987) (in the context of Fourth Amendment suppression hearings, where the burden of proof is on the defendant, courts do not usually discuss the applicable standard of proof; "[w]hen mentioned, it is said to be the preponderance standard, and there is no indication of any effort to impose a higher burden on defendants [a change which would seem indefensible]").

If the defendant's waiver is determined to be invalid, he will be entitled to a new trial. We need not decide whether a harmless error analysis, see *Chapman* v. *California,* 386 U.S. 18, 20-24 (1967),[9] could ever be applicable to a criminal defendant's invalid waiver of his right to testify on his own be-

---

[9]"We conclude that there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction." 386 U.S. at 22.

half.[10] In this case, we cannot say that an invalid waiver would have been harmless beyond a reasonable doubt. The defendant had no case other than his critically different version of the events. While the prosecution presented a strong case, there were significant differences in the testimony of the two main prosecution witnesses, Hall and the victim. Moreover, Hall had a motive for placing the lion's share of the blame on the defendant. He had pleaded guilty to one count of rape, had not yet been sentenced, and had additional indictments pending. The victim testified that she had been "a little drunk" when she left Rumors Lounge with Hall and the defendant. The assaults took place in a car and in a dark wooded area during the night, and the victim apparently had not previously been acquainted with either of her attackers.

Finally, the jury did not wholly accept the Commonwealth's case. They acquitted the defendant of one assault and battery charge and found him guilty of the lesser included offenses of simple rape in three of the aggravated rape charges. We cannot say that the defendant's personal testimony (with all that it entails), which it is fair to assume would have been essentially consistent with the statement he gave to the police, could not have at least raised reasonable doubt in the minds of the jurors as to the identity of the principal offender.

We do not address the defendant's claim of ineffective assistance of counsel on the basis of incorrect legal advice (a theory which in the ultimate analysis involves harmless error consideration[11]) because a decision regarding the validity of

---

[10]But see, e.g., Commonwealth v. Siciliano, 19 Mass. App. Ct. at 920, quoting from Earl v. Commonwealth, 356 Mass. 181, 184 (1961) (absent a valid waiver of the right to testify, "the original trial was infected with prejudicial constitutional error [and] the judge has no discretion to deny a new trial"); Wright v. Estelle, 572 F.2d 1071, 1080 (5th Cir. 1978) (Godbold, J., dissenting); United States v. Butts, 630 F. Supp. 1145 (D. Me. 1986); State v. Rosillo, 281 N.W.2d 877, 879 (Minn. 1979). See also Commonwealth v. Miranda, 22 Mass. App. Ct. 10, 22-23 (1986). Compare Ortega v. O'Leary, 843 F.2d 258 (7th Cir.), cert. denied, 488 U.S. 841 (1988); Rogers-Bey v. Lane, 896 F.2d 279 (7th Cir. 1990).

[11]See note 10, supra.

his waiver will be dispositive. Compare *Commonwealth* v. *Rosado*, 408 Mass. at 568. If the waiver is found to be valid, as having been knowing and intelligent, then the the defendant would not have been deprived of an otherwise available substantial ground of defense. See *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). If the waiver is determined to be invalid, he will be entitled to a new trial.

The order denying the motion for a new trial is reversed, and the case is remanded to the Superior Court for further proceedings before the trial and motion judge consistent with this opinion.

*So ordered.*