NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-36

COMMONWEALTH

vs.

CHRISTOPHER BARTHELMES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A jury convicted the defendant of rape (two counts), photographing an unsuspecting nude person, and annoying telephone calls or electronic communications. On appeal, he argues that the judgments should be vacated and a new trial ordered because he was deprived of his right to testify and his trial counsel was ineffective.[1] We affirm.

Discussion. 1. Right to testify. "A criminal defendant has a fundamental right to testify on his own behalf." Commonwealth v. Freeman, 29 Mass. App. Ct. 635, 639 (1990). If a defendant chooses to waive that right, his waiver must be knowing and voluntary, "done with sufficient awareness of the relevant circumstances and likely consequences." Brady v.

---

[1] These arguments are presented pursuant to Commonwealth v. Moffett, 383 Mass. 201, 208-209 (1981).

<u>United States</u>, 397 U.S. 742, 748 (1970). Accord <u>Freeman</u>, <u>supra</u> at 640. The defendant may consult with counsel about the decision to testify, but the defendant must make the ultimate decision personally. See <u>Commonwealth</u> v. <u>Waters</u>, 399 Mass. 708, 716 (1987).

Here, the defendant claims that his trial attorney told him not to testify and failed to advise him that he had a right to do so. However, the defendant has not filed a motion for new trial, and thus has not submitted an affidavit or presented any other evidence in support of his claim.

The trial record contradicts the defendant's assertions. Before the close of the defendant's case, the judge asked trial counsel in the defendant's presence whether the defendant intended to testify. After trial counsel indicated that the defendant would not testify, the judge confirmed that counsel had discussed the decision with the defendant. The judge then conducted a colloquy with the defendant, which included advising the defendant that (1) the defendant had a right to testify; (2) regardless of his attorney's advice, it was the defendant's sole decision whether to testify; and (3) the jury would be instructed "emphatically" not to consider his decision not to testify. The defendant confirmed to the judge that he had consulted with counsel, was satisfied with her advice, and did not wish to testify. We thus are satisfied that the defendant

waived his right to testify knowingly, intelligently, and voluntarily. See Commonwealth v. Castro, 438 Mass. 160, 174 (2002) (defendant voluntarily waived right to testify because judge informed defendant of right, and confirmed that defendant had discussed right with counsel, as well as risks and benefits). The defendant has failed to satisfy "[his] burden of proving that his waiver of his right to testify was invalid." Commonwealth v. Lucien, 440 Mass. 658, 671 (2004).

2. Ineffective assistance. In analyzing the defendant's claim for ineffective assistance of counsel, we determine "whether there has been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer," and, if so, "whether it has likely deprived the defendant of an otherwise available, substantial ground of defence" (quotations omitted). Commonwealth v. Williams, 102 Mass. App. Ct. 626, 631 (2023), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). However, "[a] strategic or tactical decision by counsel will not be considered ineffective assistance unless that decision was manifestly unreasonable when made" (quotation and citation omitted). Commonwealth v. Acevedo, 446 Mass. 435, 442 (2006).

It is well established that the "preferred method" for raising a claim of ineffective assistance of counsel is for

3

counsel to file a motion for new trial.  Commonwealth v. Zinser, 446 Mass. 807, 810 (2006).  "[A]n ineffective assistance of counsel challenge made on the trial record alone is the weakest form of such a challenge because it is bereft of any explanation by trial counsel for his actions . . . ." Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002).  As noted above, the defendant has not filed a motion for new trial.  Nevertheless, he claims that his trial counsel was ineffective for failing to call the defendant's sister and mother as witnesses.  The defendant offers no evidence of the testimony that his mother and sister would have given if they were called as witnesses.  Simply stated, the defendant has not established that his counsel was ineffective in not summoning the mother and sister to testify.  See Commonwealth v. Collins, 36 Mass. App. Ct. 25, 30 (1994).

Judgments affirmed.

By the Court (Henry, Grant & Brennan, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  October 10, 2023.

---

[2] The panelists are listed in order of seniority.

4