# United States Court of Appeals
## For the First Circuit

No. 08-1402

LUIS ZULUAGA,

Petitioner, Appellant,

v.

LUIS SPENCER,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

Before

Lynch, Chief Judge,
Gajarsa[*] and Lipez, Circuit Judges.

Raymond E. Gillespie on brief for petitioner.
Jennifer L. Sullivan, Assistant Attorney General, Criminal
Bureau, with whom Martha Coakley, Attorney General, was on brief
for respondent.

October 19, 2009

---

[*]    Of the Federal Circuit, sitting by designation.

**LYNCH**, **Chief Judge**.  Luis Zuluaga appeals from the district court's denial of his petition for habeas corpus relief under 28 U.S.C. § 2254, alleging his rights under Brady v. Maryland, 373 U.S. 83 (1963), were violated in the state criminal proceedings.  Zuluaga v. Spencer, No. Civ. A. 05-CV-11856 (D. Mass. Jan. 31, 2008).  His state conviction in October 1994 was on the charge of trafficking in over two hundred grams of cocaine; his two later motions for new trial were denied.

The petitioner's theory is that the prosecutors violated Brady by not disclosing before his 1994 trial that a certain State Trooper had been found by a superior court judge in 1981 to have testified falsely before a grand jury in 1980 in an unrelated matter.  Zuluaga says the state trial court erred in rejecting his second motion for new trial and that the state appeals court erroneously affirmed, on the grounds that he was not prejudiced.  The state courts held this information about the Trooper was inadmissible on two separate grounds and that Zuluaga thus could not show prejudice because the evidence could not have affected the outcome of his case.

Because neither state court cited any state or federal case law, the question arose as to whether these courts had addressed the merits of the federal Brady claim.  This issue would affect the lens--de novo or deferential review--through which we view his habeas petition.  When a habeas claim has been adjudicated

-2-

on its merits in state court, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, mandates highly deferential federal court review of state court holdings. See Williams v. Taylor, 529 U.S. 362, 403 (2000). When it has not been adjudicated on the merits, under circuit law, the federal habeas court does not owe deference to the state court reasoning, but reviews the state court adjudication de novo. Pina v. Maloney, 565 F.3d 48, 54 (1st Cir. 2009).

This seemingly simple rule has proven not so simple. It raises the question of whether the state court has adjudicated a federal claim on the merits when the state court has not explicitly said it has done so. We have addressed the issue when the state court cites only state law. McCambridge v. Hall, 303 F.3d 24, 35 (1st Cir. 2002) (en banc). Here, the issue is what happens when the state court cites no law, state or federal. Importantly, AEDPA's text does not say deference is owed only when the state court cites to a case.

Petitioner says he was prejudiced because he could have used the fact of the Trooper's 1980 false testimony before his own trial to cast doubt on the Trooper's affidavit in support of a body wire, that this would have led to a different outcome in the hearing to suppress the fruits of the recording, and that the evidence would have been suppressed. Absent the suppressed evidence, petitioner argues, the outcome of the trial likely would

-3-

have been affected.

The basic facts and analysis are set forth in the district court's thoughtful opinion. We affirm largely on the basis of that opinion and add our own holdings on two issues. First, we affirm the district court's ruling that deferential review is required when it is clear that the state courts either used their own state standard, which is more generous than the federal standard, or used the federal standard, although the state courts did not cite to any case law. Second, we hold that even if the petitioner were entitled to de novo review on habeas, his petition still must be denied.

I.

We review de novo a district court's denial of habeas relief, including its determination of the appropriate standard of review of the state court proceeding. See Lynch v. Ficco, 438 F.3d 35, 44 (1st Cir. 2006).

Much of petitioner's argument on appeal is devoted to his claim that his habeas petition is entitled to de novo review. The district court thoroughly evaluated this argument and properly concluded that deferential review was appropriate under AEDPA because the state court had addressed the merits of his federal claim. See Williams, 529 U.S. at 404-05 (holding that AEDPA deference precludes habeas relief absent a showing that the state court's holding was "contrary to, or involved an unreasonable

application of, clearly established Federal law"). A state court decision is "contrary to" the Supreme Court's clearly established precedents if it either applies a rule that contradicts the governing law or resolves a case differently from the Court on materially indistinguishable facts. Williams, 529 U.S. at 405, 409. A state court decision is "an unreasonable application" of Supreme Court case law only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.[1]

AEDPA deference is appropriate "with respect to any claim that was adjudicated on the merits in State court proceedings." Goodrich v. Hall, 448 F.3d 45, 48 (1st Cir. 2006) (internal quotation marks omitted). By contrast, if the state court does not address the merits of a federal claim, we owe no such deference and our review is de novo. See Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001); see also Ellsworth v. Warden, 333 F.3d 1, 4 n.1 (1st Cir. 2003) (en banc).[2]

---

[1] For this analysis, "[t]he ultimate question . . . is not how well reasoned the state court decision is, but whether the outcome is reasonable." Hurtado v. Tucker, 245 F.3d 7, 20 (1st Cir. 2001). A decision that is incorrect does not necessarily rise to the level of being unreasonable. Williams, 529 U.S. at 410; Teti v. Bender, 507 F.3d 50, 57 (1st Cir. 2007).

[2] The fundamental Fortini distinction--between cases in which a state court's adjudication on the merits necessitates deferential habeas review and cases where a state court's failure to "resolve all determinative issues of federal law" renders de

-5-

Still, we have recognized that adjudication of a constitutional claim on its merits encompasses situations in which a petitioner's claim was resolved under a state standard "that is more favorable to defendants than the federal standard." McCambridge, 303 F.3d at 35. We specifically applied the McCambridge rule to a Brady claim by a habeas petitioner in Norton v. Spencer, 351 F.3d 1 (1st Cir. 2003). There the state court had cited only state law, but because that state law was more generous to defendants than corresponding federal law, we held that the subsumed federal claims had been addressed on the merits. Id. at 5.

In state court, petitioner presented the claim at issue as a Brady claim, not as a state law claim. The Massachusetts state law standard under Commonwealth v. Tucceri, 589 N.E.2d 1216 (Mass. 1992), is more favorable to criminal defendants on the prejudice prong of Brady analysis. To prevail on a federal Brady claim, "a habeas petitioner must demonstrate: (1) the evidence at issue is favorable to him because it is exculpatory or impeaching; (2) the Government suppressed the evidence; and (3) prejudice ensued from the suppression (i.e., the suppressed evidence was material to guilt or punishment)." Conley v. United States, 415 F.3d 183, 188 (1st Cir. 2005) (citing Strickler v. Green, 527 U.S.

novo review appropriate--is commonly accepted. See 1 Hertz & Liebman, Federal Habeas Corpus Practice and Procedure § 32.2 at 1569 & nn. 6-7 (5th ed. 2005).

263, 281-82 (1999)).

Under federal law, the prejudice prong of the <u>Brady</u> analysis turns on whether a reasonable probability exists that disclosure of the evidence at issue would have altered the result of the proceeding. <u>See, e.g.</u>, <u>McCambridge</u>, 303 F.3d at 37. We have previously held that the Massachusetts prejudice standard is more favorable to defendants than its federal counterpart under <u>Brady</u>. <u>See, e.g.</u>, <u>Healy</u> v. <u>Spencer</u>, 453 F.3d 21, 25 (1st Cir. 2006) (noting the Supreme Judicial Court of Massachusetts's use of what that court "has characterized as its more defendant-friendly state standard for prejudice") (citing <u>Commonwealth</u> v. <u>Healy</u>, 783 N.E.2d 428, 435 (Mass. 2003)).

Although short on citation, the state court's holding squarely addressed the merits either of a possible state constitutional claim, which encompassed any federal claim, or of petitioner's federal <u>Brady</u> claim directly, or both. The trial court judge plainly stated that the evidence at the heart of petitioner's claim could not have prejudiced him at trial, as the prior bad acts that it purported to prove "never would have been admissible at any stage" of petitioner's proceedings, and that "even if they were [admissible], these prior bad acts . . . were so remote in time to defendants [sic] prosecution, that they would carry no evidentiary weight." Finally, the state judge's to-the-point closing line spoke directly to the issue of prejudice,

-7-

holding that "the newly discovered information could not possibly have affected the outcome of the case." That articulation covers either petitioner's Brady claim, an understanding of the claim phrased in terms of state law, or both. There is no other possibility.

In these circumstances, it would elevate form over substance to impose some sort of requirement that busy state judges provide case citations to federal law (or corresponding state law) before federal courts will give deference to state court reasoning. Such formalism would be contrary to the congressional intent expressed in AEDPA.

The Supreme Court faced a similar issue in Early v. Packer, 537 U.S. 3 (2002) (per curiam), in which it reversed the Ninth Circuit for imposing a rule that a state court decision that failed to cite to the relevant Supreme Court or other federal precedent was necessarily contrary to clearly established federal law. The Court held that "[a]voiding th[is] pitfall[] does not require citation of our cases--indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Id. at 8; see also Knight v. Spencer, 447 F.3d 6, 12 (1st Cir. 2006). While Early concerned the "contrary to" text of AEDPA, and our question concerns the "claim that was adjudicated on the merits" text, we

believe the reasoning is parallel.[3]

Here, the state court evaluated petitioner's <u>Brady</u> claim in light of the potential prejudicial impact of the disputed evidence. Indeed, the state trial judge's opinion effectively paraphrased the prejudice prong of the <u>Brady</u> or the <u>Tucceri</u> test. Accordingly, adjudication of petitioner's claims under federal law was presumptively "subsumed within the state law adjudication." <u>McCambridge</u>, 303 F.3d at 35; <u>see</u> <u>also</u> <u>Norton</u>, 351 F.3d at 5.

By contrast, application of the <u>Fortini</u> de novo standard would undoubtedly have been appropriate had the state courts clearly failed to adjudicate petitioner's claim on the merits, either because the claim was not before them, <u>see, e.g.</u>, <u>Brown</u> v. <u>Maloney</u>, 267 F.3d 36, 40 (1st Cir. 2001) (applying <u>Fortini</u> when the state court could not have reached a constitutional claim because it was not raised until the petition for rehearing), or because they opted to resolve it on state law grounds that did not subsume the federal standard at issue, <u>see, e.g.</u>, <u>Cruz</u> v. <u>Maloney</u>, 152 App'x 1, 3 (1st Cir. 2005) (applying <u>Fortini</u> where the state court resolved an earlier iteration of petitioner's jury instruction

---

[3]    If this were not a matter of an underlying congressional command, but merely of judicial rules, we recognize that there is an argument for a bright-line test. It would be far easier to administer a test that deference is given only when the state court cites to federal authority or state authority that subsumes the federal standard. But both Supreme Court precedent and our precedent look to the substance of what Congress sought to accomplish. As noted above, AEDPA's text offers no indication that deference is owed only when the state court cites to a case.

claim purely on the basis of state law definitions of his crime).

Of course, it may be more difficult in other cases to know whether the state court decided the merits of the federal claim. See, e.g., Pina, 565 F.3d at 54 (opting to "by-pass the threshold question of whether there has been a state court merits adjudication" when the state court judge "commented[ed] briefly on the merits" of petitioner's claim); see generally 2 Hertz & Liebman, supra, at 1574-79 (discussing federal courts' division over the appropriate treatment of "summary state court opinion[s] that fail[] to articulate [their] analysis of the federal constitutional claim(s)"). But we deal only with the case before us.

In short, the district court was correct to use deferential review. Petitioner does not even advance the argument that he should prevail under AEDPA deference; accordingly, that claim is waived.

Even were we to apply de novo review, there was no juncture at which evidence of the Trooper's prior false testimony would have been admissible under Massachusetts law.[4] See Commonwealth v. LaVelle, 605 N.E.2d 852, 855 (Mass. 1993) ("The well-established rule in Massachusetts is that '[s]pecific acts of

_____

[4] We need not address his claim that there is an exception for claims of bias or, indeed, whether prior bad acts are evidence of bias. This argument was not clearly presented to the state courts.

-10-

prior misconduct of the witness . . . not material to the case in which he testifies cannot be shown by the testimony of impeaching witnesses or other extrinsic evidence to affect [the witness's] credibility.'") (alteration in original) (quoting P.J. Liacos, Massachusetts Evidence 149 (5th ed. 1981)).  Evidence not before a court cannot impact a proceeding.  Thus, for the purposes of Brady analysis, "[i]nadmissible evidence is by definition not material." Norton, 351 F.3d at n.3 (1st Cir. 2003) (alteration in original) (internal quotation marks omitted).[5]

## II.

The denial of the petition for habeas corpus is affirmed.

---

[5]     We have previously recognized the possibility of a viable Brady claim concerning evidence that, although inadmissible, "could be so promising a lead to strong exculpatory evidence that there could be no justification for withholding it." Ellsworth, 333 F.3d at 5 (emphasis in original).  Zuluaga has not argued that the disputed material would have led to additional exculpatory evidence.