# United States Court of Appeals
## For the First Circuit

No. 10-1262

ERNEST LIKELY,

Petitioner, Appellant,

v.

PAUL RUANE, Superintendent, Pondville
Correctional Center

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Lynch, Chief Judge,
Lipez, Circuit Judge,
and Woodcock,* District Judge.

Michael A. Nam-Krane, for petitioner.
James J. Arguin, Assistant Attorney General, with whom
Martha Coakley, Attorney General, was on brief for respondent.

April 25, 2011

---

\* Of the District of Maine, sitting by designation.

**LYNCH**, **Chief Judge**.    Supreme Court decisions foreclose this habeas corpus petition brought under 28 U.S.C. § 2254, which was correctly denied by the district court.

Petitioner, Ernest Likely, was convicted on May 17, 2002 in Massachusetts of distributing a controlled substance--cocaine-- in violation of Mass. Gen. Laws ch. 94C, § 32A(c).  On appeal, he argued it was error to admit evidence that the substance was cocaine on the ground that the admission at trial of the chemical certificate of analysis with an affidavit but without the testimony of the chemist violated his Confrontation Clause rights under the Sixth Amendment.  He relied on the 2004 Supreme Court decision in Crawford v. Washington, 541 U.S. 36 (2004), which had been issued while his appeal was pending.

The state Appeals Court rejected his federal constitutional argument in a decision dated November 16, 2005, and so adjudicated the claim on its merits.  See Commonwealth v. Likely, 65 Mass. App. Ct. 1103 (2005).  On December 21, 2005, the Massachusetts Supreme Judicial Court denied Likely's petition for Further Appellate Review.  See Commonwealth v. Likely, 840 N.E.2d 56 (Mass. 2005).  That meant his conviction became final under state law as of the date the state Appeals Court issued its rescript.  See Foxworth v. St. Amand, 929 N.E.2d 286, 291 (Mass. 2010).

-2-

Some years later, the Supreme Court decided <u>Melendez-Diaz</u> v. <u>Massachusetts</u>, 129 S. Ct. 2527 (2009). <u>Melendez-Diaz</u> supported Likely's claim of a Confrontation Clause violation. It held that such analysts' affidavits were testimonial statements, the analysts were witnesses for purposes of the Sixth Amendment, and that analysts therefore had to be available for examination and confrontation.[1]

If <u>Melendez-Diaz</u> had been decided before his state conviction became final and if the state courts had properly been presented with a <u>Melendez-Diaz</u> claim, the state courts would have evaluated his claims under that standard. <u>See</u> <u>Foxworth</u> v. <u>St. Amand</u>, 570 F.3d 414, 431 (1st Cir. 2009). But the claim was not so analyzed because <u>Melendez-Diaz</u> had not yet been decided.

The question on petition for habeas relief is a very different one. It is whether Likely has made out a claim for relief under the federal habeas corpus act, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, (AEDPA), 28 U.S.C. § 2254. <u>See</u> <u>Evans</u> v. <u>Thompson</u>, 518 F.3d 1, 6 (1st Cir. 2008) <u>cert. denied</u>, 129 S. Ct. 255 (2008) (upholding constitutionality of AEDPA).

The pertinent text of AEDPA, at § 2254(d), states:

> An application for a writ of habeas corpus on
> behalf of a person in custody pursuant to the

---

[1] In 2010, the Supreme Court re-affirmed the reasoning of <u>Melendez-Diaz</u> in <u>Briscoe</u> v. <u>Virginia</u>, 130 S. Ct. 1316 (2010).

-3-

> judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .

The Supreme Court has firmly reiterated that this language "bars relitigation of any claim 'adjudicated on the merits' in state court subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S. Ct. 770, 784 (2011) (emphasis added).[2]

This habeas petition fails for reasons having to do with the clearly established federal law requirement. First, the relevant period for determining what was "clearly established Federal law" ended here well before Melendez-Diaz was decided.[3] State court decisions under AEDPA are measured against the Supreme Court's precedents that exist as of "the time of the relevant state-court decision." Lockyer v. Andrade, 538 U.S. 63, 71 (2003)

---

[2]    The terms of 28 U.S.C. § 2254(d)(2) are not at issue in this case.

[3]    "In most cases, . . . the date of finality of the state court conviction determines the time line to be used for determining what Supreme Court decisions comprise the corpus of this 'clearly established Federal law.'" Foxworth v. St. Amand, 570 F.3d 414, 430 (1st Cir. 2009). There is some ambiguity, not relevant here, as to whether the relevant time is at the time the state court decision became final or as of the time of the state court decision. See id.; Brown v. Greiner, 409 F.3d 523, 533 n.3 (2d Cir. 2005).

(quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)). In Cullen v. Pinholster, No. 09-1088, 2011 WL 1225705 (Apr. 4, 2011), the Supreme Court reaffirmed that review under § 2254(d)(1) "requires an examination of the state-court decision at the time it was made," id. at *8, and focuses on what a state court knew and did at the time, id. at *10. Cullen was, it is true, addressed to the different question of whether the record under habeas review is limited to the record "in existence at that same time-- i.e., the record before the state court." Id. at *8. But its logic reinforces our first point.

For purposes of this case, the more important point is that during the relevant period, there was no "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), as to whether admission of this evidence without the chemist being a witness violated the Confrontation Clause. If the federal law is not clearly established by the United States Supreme Court, then per force the state court decision cannot be either contrary to or an unreasonable application of clearly established federal law.[4] Wright v. Van Patten, 552 U.S. 120, 126 (2008) (rejecting petition under § 2254(d) because "our cases give no clear answer to the question presented, let alone one in [petitioner's] favor"); Carey

_____

[4] Thus, the habeas petition, filed in 2006, should not have been stayed until after the Supreme Court decided Melendez-Diaz, but should have been dismissed.

-5-

v. Musladin, 549 U.S. 70, 77 (2006) ("Given the lack of holdings from this Court regarding the [issue presented by the habeas petition], it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" (alteration in original) (quoting 28 U.S.C. § 2254(d)(1))).

We reject Likely's argument that the analysis in Crawford clearly established that the Confrontation Clause barred the procedure used here in the state court. The phrase "clearly established Federal law" refers to holdings, as opposed to dicta, as of the time of the relevant state court decision. Williams, 529 U.S. at 412. Crawford contained no holding that supports Likely's petition. In Crawford, the Supreme Court specifically left "for another day any effort to spell out a comprehensive definition of 'testimonial,'" and acknowledged that "our refusal to articulate a comprehensive definition in this case will cause interim uncertainty." Crawford, 541 U.S. at 68 & n.10. The issue presented in this case was exactly one of those areas of uncertainty. When the Supreme Court itself acknowledges that an issue has not been resolved and is fairly debatable, there is no argument left that the state court's decision is contrary to or an unreasonable application of "clearly established" Supreme Court precedent. Foxworth, 570 F.3d at 436; L'Abbe v. DiPaolo, 311 F.3d

93, 98 (1st Cir. 2002).[5]  Indeed, certiorari was granted in Melendez-Diaz precisely so the Supreme Court could resolve the question presented.  On March 17, 2008, the Supreme Court granted certiorari in Melendez-Diaz to review the following question:

> Whether a state forensic analyst's laboratory report prepared for use in a criminal prosecution is "testimonial" evidence subject to the demands of the Confrontation Clause as set forth in Crawford . . . .

Petition for Writ of Certiori, Melendez-Diaz, No. 07-591 (Oct. 26, 2007), 2007 WL 3252033, at *i; Melendez-Diaz, 552 U.S. 1256 (2008).

To put it differently, Crawford did not clearly establish the answer to the question.  The conclusion that there was no pertinent clearly established law on the issue is itself not close, and that disposes of this habeas petition.

The denial of the petition is affirmed.

---

[5]  In Foxworth, we observed that the "closeness of the question left open [by then existing Supreme Court precedent] is emphasized by the fact that in the subsequent [Supreme Court decision], four justices dissented."  Foxworth, 570 F.3d at 436 n.8.  Likewise, that four justices dissented in Melendez-Diaz reaffirms that Crawford had not resolved the question Melendez-Diaz addressed.