# United States Court of Appeals
## For the First Circuit

No. 15-1081

SHAUN JENKINS,

Petitioner, Appellant,

v.

KAREN BERGERON,
Superintendent, Old Colony Correctional Center,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Lynch, Circuit Judges.

Stewart T. Graham, Jr., with whom Graham & Graham was on brief, for appellant.
Thomas E. Bocian, Assistant Attorney General, Criminal Bureau, with whom Maura Healey, Attorney General of Massachusetts, was on brief, for appellee.

May 27, 2016

**LYNCH**, **Circuit Judge**.  Shaun Jenkins was convicted in Massachusetts state court in 2005 of the first-degree murder of his cousin and was sentenced to life in prison.  He did not testify, and this appeal involves the question of who has the burden of showing why under the facts of this case.  The state trial court denied Jenkins's motion for a new trial, and the Supreme Judicial Court ("SJC") affirmed both the conviction and the denial of the new trial motion.  See Commonwealth v. Jenkins, 941 N.E.2d 56, 62 (Mass. 2011).

Jenkins appeals from the Massachusetts federal district court's denial of his petition for a writ of habeas corpus.  See Jenkins v. Bergeron, 67 F. Supp. 3d 472 (D. Mass. 2014).  The district court granted a certificate of appealability only on the issue of Jenkins's waiver of his right to testify in his own defense.  Jenkins v. Bergeron, No. 12-cv-10793, 2015 WL 461911, at *2 (D. Mass. Feb. 4, 2015).  We address only that claim.

Jenkins argues that he did not knowingly and intelligently waive his right to testify because his attorney unilaterally decided that he would not testify.  The habeas petition is based on the contention that the choice whether to testify was his, not his counsel's, and that the record establishes that he was denied that choice.

Since we find that the SJC adjudicated Jenkins's claim on the merits, we engage in deferential review under the

- 2 -

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. § 2254(d). Because there is no Supreme Court precedent clearly establishing the proper standard and burdens for assessing whether a criminal defendant has validly waived his right to testify on facts like these, Jenkins is not entitled to habeas relief. His claim depends on too broad a characterization of waiver of federal constitutional rights, not drawn from cases of like circumstances. We affirm.

## I.

In April 2005, Jenkins was convicted by a jury of the first-degree murder of his cousin, Stephen Jenkins. The SJC's opinion has a full recitation of the underlying facts. See Jenkins, 941 N.E.2d at 62-75. Jenkins did not take the stand at his trial. Before the end of the trial, the judge engaged in a direct colloquy with Jenkins, during which the judge informed Jenkins that he had the right to testify in his own defense. Jenkins responded affirmatively when asked whether he understood his right and stated that he had no questions regarding it. See id. at 70.

While his direct appeal to the SJC was pending, Jenkins filed in the state trial court a motion for a new trial. Jenkins claimed, inter alia, that he had not knowingly and intelligently waived his constitutionally protected right to testify in his own defense. See Casiano-Jiménez v. United States, 817 F.3d 816, 820

- 3 -

(1st Cir. 2016) ("In any trial, a defendant's right to testify in his own defense is a 'fundamental constitutional right' and is 'essential to due process of law in a fair adversary process.'" (quoting Rock v. Arkansas, 483 U.S. 44, 51, 53 n.10 (1987))).  He submitted two affidavits, one from his defense attorney and one from Jenkins himself.  His attorney's affidavit stated that he and Jenkins discussed whether or not Jenkins should testify, that he advised Jenkins not to testify because Jenkins faced potentially damaging impeachment and cross-examination, and that based on those factors, "I decided not to call him as a witness."

Jenkins's affidavit stated that he wanted to testify and told his attorney as much, and that his attorney "did not explain to [him] that the decision to testify was [his] decision to make and that [he] had a constitutional right to testify if [he] so chose, but that [he] would waive that right by not testifying."  Jenkins also stated that after explaining the impeachment and cross-examination concerns, his attorney said "that he was not going to put [him] on the witness stand."

Jenkins argued in his new trial motion that "[t]here are three problems with counsel's actions, all of which serve to render invalid any possible waiver of the right to testify": (1) the right to testify "cannot be waived by counsel," and "[i]t follows from the requirements of waiver that if a defendant does not know of his constitutional right to testify, he cannot validly waive it";

(2) "a valid waiver cannot be based on erroneous or substandard legal advice," and the reasons his attorney gave him for not taking the stand were incorrect; (3) his failure to testify was not harmless error, and declining to call him constituted ineffective assistance of counsel.  The same judge who presided over Jenkins's trial denied the new trial motion.  An order denying the motion stated, "After hearing on 6/30/09, Defendant Shaun Jenkins' Motion for New Trial is DENIED."

Jenkins appealed, and the SJC affirmed.  Jenkins, 941 N.E.2d at 69-70, 75.  The SJC characterized Jenkins's argument as follows: "The defendant argued in a motion for a new trial that his waiver of his right to testify was not valid because he did not understand that the decision whether to testify was his alone." Id. at 69.  The SJC recognized that the right to testify is a fundamental right that must be waived knowingly and intelligently. Id.  Importantly for this case, it also stated that "[i]t is the defendant's burden to prove that he did not waive this right knowingly and intelligently." Id. (citing Commonwealth v. Lucien, 801 N.E.2d 247, 258 (Mass. 2004)).[1]  Jenkins calls this a fundamental flaw: the prosecution, he says, bears the burden.

_____

[1]    As support for the proposition that the defendant bears the burden of proving that his waiver of his right to testify was invalid, the SJC cited Lucien, in which it had cited to Commonwealth v. Freeman, 564 N.E.2d 11, 14-15 (Mass. App. Ct. 1990).  See Lucien, 801 N.E.2d at 258.  In Freeman, the Massachusetts Appeals Court reasoned: "Here, the decision not to

- 5 -

The court concluded that "[t]he [trial] judge did not abuse his discretion in concluding that the defendant's waiver was the product of a purposeful and informed judgment on his part." Id. at 70. The SJC stated that Jenkins had admitted that he had discussed whether to testify with his attorney, that the trial judge had engaged in a colloquy with Jenkins in which he explained that Jenkins had a right to testify, that Jenkins affirmed that he understood his right and that he had no questions regarding that right, and that "there was no indication of any dispute or disagreement between the defendant and his counsel as to trial tactics or 'of any kind.'" Id. at 69, 70 & n.10. Jenkins does not dispute that description.

## II.

On May 3, 2012, Jenkins filed a petition for a writ of habeas corpus in the Massachusetts federal district court. In a memorandum of law, he argued, inter alia, that de novo review should apply to his right to testify claim because the SJC

---

testify was made by the defendant in consultation with his counsel. The Commonwealth was not a party to the defendant's decision-making process. The defendant, not the Commonwealth, has control over the relevant facts. He is, thus, better situated to prove his claim than is the Commonwealth to disprove it." 564 N.E.2d at 15. The court distinguished a waiver of the right to testify case from "a case of claimed deprivation of a constitutional trial right through government coercion." Id. Unlike that type of case, "[h]ere, the defendant, who is asserting 'facts which were neither agreed upon nor apparent on the face of the [trial] record,' must prove those facts." Id. (second alteration in original) (quoting Commonwealth v. Bertrand, 432 N.E.2d 78, 83 (Mass. 1982)).

- 6 -

overlooked or misunderstood his subsidiary argument that his waiver was invalid because his attorney "unilaterally decided not to have him testify." Instead, he argued, the SJC addressed a different argument -- which he represented was not raised -- that his waiver was not knowing and intelligent because he was not aware that the decision to testify was his to make.[2]

On December 19, 2014, the district court denied Jenkins's petition. See Jenkins, 67 F. Supp. 3d at 480. The court noted that "[c]ontrary to petitioner's contention, in addition to determining that the petitioner was aware of his right to testify, the SJC held that the trial judge 'did not abuse his discretion in concluding that the defendant's waiver was the product of a purposeful and informed judgment on his part.'" Id. at 476-77 (quoting Jenkins, 941 N.E.2d at 70). The federal habeas court declined to review Jenkins's claim de novo, instead applying deferential AEDPA review. Id. at 477; see 28 U.S.C. § 2254(d). The court concluded that "[t]here is no standard clearly established by the United States Supreme Court addressing the circumstances under which a criminal defendant waives the right to

_____

[2] The argument, in fact, was raised. In his new trial motion, Jenkins stated that "counsel never advised him that he had an absolute right to testify and that the decision was ultimately his alone," and he argued that "[i]t follows from the requirements of waiver that if a defendant does not know of his constitutional right to testify, he cannot validly waive it." In his opening brief to the SJC, Jenkins again asserted that "neither counsel nor the court advised him that the decision was ultimately his alone."

testify in his own behalf."  Id. (citing Thompson v. Battaglia, 458 F.3d 614, 619 (7th Cir. 2006)).  We agree.

                                III.

        "We review de novo a district court's denial of habeas relief, including its determination of the appropriate standard of review of the state court proceeding."  Zuluaga v. Spencer, 585 F.3d 27, 29 (1st Cir. 2009).

A.    Deferential AEDPA Review Applies

        We review Jenkins's claim under the deferential lens of AEDPA.  "AEDPA deference is appropriate 'with respect to any claim that was adjudicated on the merits in State court proceedings.'"  Id. at 30 (quoting Goodrich v. Hall, 448 F.3d 45, 48 (1st Cir. 2006)); see 28 U.S.C. § 2254(d).  Under this standard of review, a writ of habeas corpus will not be granted unless the state court's adjudication of the claim on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2).  "By contrast, if the state court does not address the merits of a federal claim, we owe no such deference and our review is de novo."  Zuluaga, 585 F.3d at 30.

Jenkins argues that we should review his claim de novo because the SJC did not adjudicate his waiver claim on the merits. The SJC, he asserts, did not directly discuss his argument that "there was no valid waiver of his right to testify since trial counsel unilaterally decided not to call him as a witness, thereby preventing him from testifying," but rather erroneously discussed the issue of whether "his waiver of his right to testify was not valid because he did not understand that the decision whether to testify was his alone," Jenkins, 941 N.E.2d at 69.

We disagree. First, the SJC plainly decided Jenkins's right to testify claim when it held that the state trial court judge, who had presided over Jenkins's trial and had discussed with Jenkins directly his right to testify, "did not abuse his discretion in concluding that the defendant's waiver was the product of a purposeful and informed judgment on his part." Id. at 70. Second, even though the SJC did not explicitly discuss one subsidiary argument that Jenkins made in support of his claim, the Supreme Court has made clear that even "where there is no explicit discussion of the articulated federal constitutional issue amidst the discussion of issues in the state court opinion, the federal court must presume the federal claim was adjudicated on the merits." Hodge v. Mendonsa, 739 F.3d 34, 41 (1st Cir. 2013) (citing Johnson v. Williams, 133 S. Ct. 1088, 1095-96 (2013)); see

- 9 -

also Harrington v. Richter, 562 U.S. 86, 99 (2011). That presumption has not been rebutted in this case.

B.   No Clearly Established Law

Jenkins argues that the SJC's resolution of his right to testify claim was incorrect, even under deferential AEDPA review. His argument addresses two themes: the appropriate standard for determining whether the right to testify has been knowingly and intelligently waived, and who bears the burden of proving whether a waiver of that right was or was not knowing and intelligent.

Under AEDPA, we must determine whether the SJC's resolution of Jenkins's right to testify claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  As a threshold matter, "[i]f the federal law is not clearly established by the United States Supreme Court, then per force the state court decision cannot be either contrary to or an unreasonable application of clearly established federal law."  Likely v. Ruane, 642 F.3d 99, 102 (1st Cir. 2011) (citing Wright v. Van Patten, 552 U.S. 120, 126 (2008) (per curiam); Carey v. Musladin, 549 U.S. 70, 77 (2006)); see also Brown v. Ruane, 630 F.3d 62, 68–69 (1st Cir. 2011).

In determining whether law, as determined by the Supreme Court, is clearly established, "we must look for Supreme Court precedent that either 'squarely addresses the issue' in the case

or that articulates legal principles that 'clearly extend' to the new factual context." Brown, 630 F.3d at 69 (quoting Van Patten, 552 U.S. at 123, 125). The Supreme Court "has cautioned that reviewing courts must be careful not to improperly turn the Court's context-specific holdings into 'blanket rule[s].'" Id. (alteration in original) (quoting Thaler v. Haynes, 559 U.S. 43, 49 (2010) (per curiam)). The state of the law is assessed as of the date of the relevant state court decision, here February 4, 2011. Likely, 642 F.3d at 101-02.

First, while it is clear that a waiver of the right to testify must be knowing and intelligent, nothing in this record even suggests that the SJC unreasonably applied that general principle. Second, the Supreme Court has never articulated the standard for assessing whether a criminal defendant has validly waived his right to testify or determined who has the burden of production and proof under particular circumstances. Indeed, we agree with the analysis used by the Seventh Circuit in denying a habeas petition filed by a defendant who claimed his attorney prevented him from testifying: "[t]he variety in practice among the state courts and the various federal courts shows, unfortunately for [petitioner], that there is no standard clearly established by the Supreme Court of the United States that is binding on all." Thompson, 458 F.3d at 619. That court recognized that "some circuits require a defendant to protest a lawyer's

- 11 -

refusal to allow her to testify during trial to preserve the right." Id. (citing United States v. McMeans, 927 F.2d 162, 163 (4th Cir. 1991) (per curiam); United States v. Edwards, 897 F.2d 445, 446-47 (9th Cir. 1990)). Further, "several state courts require judges to inquire of defendants directly whether they want to testify." Id. (citing People v. Curtis, 681 P.2d 504, 514-15 (Colo. 1984); State v. Neuman, 371 S.E.2d 77, 81-82 (W. Va. 1988)). The Seventh Circuit itself "'steer[s] a middle course,' requiring a defendant who wishes to raise this claim to meet a heightened pleading standard before the court must hold an evidentiary hearing on the question of waiver." Id. (alteration in original) (quoting Underwood v. Clark, 939 F.2d 473, 476 (7th Cir. 1991)). We agree with the Seventh Circuit that the law on this point is not clearly established by an opinion of the Supreme Court.

The Supreme Court cases to which Jenkins points are of no help to him. He cites Johnson v. Zerbst, 304 U.S. 458 (1938), Carnley v. Cochran, 369 U.S. 506 (1962), and Barker v. Wingo, 407 U.S. 514 (1972), for the general proposition that a court may not presume waiver of a fundamental constitutional right from a defendant's silence or inaction. But none of these cases address the right to testify. Cf. United States v. Pennycooke, 65 F.3d 9, 11 (3d Cir. 1995) (noting that "[t]he right to testify qualitatively differs from those constitutional rights which can be waived only after the court inquires into the validity of the

- 12 -

waiver"). Zerbst and Carnley are both right to counsel cases, and Barker is a speedy trial right case. Jenkins's burden of proof argument suffers from the same defect.[3] Again, there is no clearly established law from the Supreme Court on who bears the burden of proving that a waiver of the right to testify was invalid. Jenkins cites to Michigan v. Jackson, 475 U.S. 625 (1986), overruled by Montejo v. Louisiana, 556 U.S. 778 (2009), and Brewer v. Williams, 430 U.S. 387 (1977). But both Jackson and Brewer are right to counsel cases.

Jenkins responds that these cases established general rules that apply broadly to all fundamental criminal rights guaranteed by the Constitution, and that the Supreme Court has stated that "rules of law may be sufficiently clear for habeas purposes even when they are expressed in terms of a generalized standard rather than as a bright-line rule." Williams v. Taylor, 529 U.S. 362, 382 (2000) (plurality opinion); see also Panetti v. Quarterman, 551 U.S. 930, 953 (2007). But Williams and Panetti are concerned with constitutional standards applied to different sets of facts: rules "which of necessity require[] a case-by-case examination of the evidence." Williams, 529 U.S. at 382 (plurality

---

[3] Jenkins also failed to raise his burden of proof argument to the district court, so it is arguably waived anyway. See Sierra Club v. Wagner, 555 F.3d 21, 26 (1st Cir. 2009) ("Ordinarily, arguments not raised in the district court cannot be raised for the first time on appeal.").

opinion) (quoting Wright v. West, 505 U.S. 277, 308 (1992) (Kennedy, J., concurring in the judgment)).  They do not stand for the proposition that generalizable standards, which the Court has indicated amount to clearly established law in a particular context (i.e., the right to counsel), necessarily bind state courts in an entirely different context (i.e., the right to testify).  In short, the general rules Jenkins culls from Supreme Court cases as to distinct constitutional rights simply cannot support relief here under the strict standards of AEDPA.[4]

IV.

The denial of Jenkins's petition is affirmed.

---

[4]    Jenkins also argues that deferential review of a state court's factual findings under 28 U.S.C. § 2254(e)(1) does not apply to analysis under 28 U.S.C. § 2254(d)(1).  He is wrong.  See Cronin v. Comm'r of Prob., 783 F.3d 47, 50 (1st Cir. 2015); Scoggins v. Hall, 765 F.3d 53, 57 (1st Cir. 2014), cert. denied sub nom. Scoggins v. Mitchell, 135 S. Ct. 1007 (2015).